# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

NATHAN McDANIEL,

                 Petitioner,    :        Case No. 2:26-cv-278

    - vs -                                District Judge Michael H. Watson
                                              Magistrate Judge Michael R. Merz

  WARDEN,
   Mansfield Correctional Institution,

                                       :
           Respondent.

## DECISION AND ORDER

This is a habeas corpus case brought *pro se* by Petitioner Nathan McDaniel under 28 U.S.C. § 2254 to obtain relief from his conviction in the Meigs County Court of Common Pleas on charges of felonious assault and kidnapping (Petition, ECF No. 1).

Shortly after filing his Petition, McDaniel sought an emergency hearing (Motion, ECF No. 4). Magistrate Judge Peter Silvain, to whom this case was initially referred, interpreted the Motion as seeking expedited consideration of the Petition and promised prompt consideration once the case was ripe (Decision, ECF No. 6). Unsatisfied, McDaniel moved for reconsideration (ECF No. 8), and for "Inclusion of Information in Reconsideration of Request for Emergency Hearing, And Request of Oral Hearing" (ECF No. 12).

Both motions are denied. Every person who files under 28 U.S.C. § 2254 is required to allege that he or she is being confined in violation of the United States Constitution. Federal law does not provide any scheme for prioritizing those claims. The last two times this Court has asked

1

Washington for funding for additional Magistrate Judge positions, the funds have been denied.

The Magistrate Judge reference in this case has recently been transferred to the undersigned, who specializes in habeas corpus cases, to help balance the Magistrate Judge workload in the District.  The case will be decided on the merits as promptly as possible after it is ripe.

The case will be ripe when Petitioner files his Reply/Traverse which is due August 13, 2026, but may be filed any time it is ready.  In preparing his Reply, Petitioner may wish to keep in mind that the Grand Jury Clause of the Fifth Amendment is not applicable to the States.  *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir.  2006)(*Apprendi* does not change this result).  "[T]here is no constitutional right in a state prosecution to a grand jury indictment with particular specificity."  *Id.*  at 534, citing *Rose v. Mitchell*, 443 U.S. 545, 557, n. 7 (1979).

July 23, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge