**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

NATHAN McDANIEL,

Petitioner, : Case No. 2:26-cv-278

- vs - District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

WARDEN,
Mansfield Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Nathan McDaniel under 28 U.S.C. § 2254 to obtain relief from his conviction in the Meigs County Court of Common Pleas on charges of felonious assault and kidnapping (Petition, ECF No. 1). The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 14), and Warden's Return of Writ (ECF No. 15), and Petitioner's Traverse and Request to Apply Crim R. 48(B)(ECF No. 21).

## Litigation History

On December 22, 2011, the Meigs County grand jury indicted Petitioner on one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1); one count of kidnapping in violation of Ohio Revised Code § 2911.21(A)(1); and one count of extortion in violation of Ohio Revised Code § 2905.11(A)(2)(State Court Record, ECF No. 14, Ex 1). A trial jury found

Petitioner guilty of felonious assault and kidnapping, but not guilty of extortion and he was sentenced to an aggregated term of imprisonment of eighteen years and $1.4 million in restitution.

Petitioner appealed to the Ohio Fourth District Court of Appeals. Noting that Petitioner did not appeal his conviction or sentence but merely the restitution order, the Fourth District reversed on that issue and remanded for correction of the restitution order. He was resentenced on April 20, 2016, but did not appeal.

On June 29, 2017, Petitioner filed a delayed application to reopen the appeal under Ohio R. App. P. 26(B). The Fourth District denied reopening on the grounds the Application was untimely and also on the merits (Entry, State Court Record, State Court Record, ECF No. 14, Ex. 12). The Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *Id.* at Ex. 15.

Thereafter Petitioner filed many post-trial motions seeking relief from his convictions. *Id.* at Exs. 20-39. After they were all denied, he sought to file a delayed appeal in the Fourth District. The court allowed the delayed appeal, but denied relief. *Id.* at Ex. 46. The Ohio Supreme Court again declined jurisdiction over a further appeal. *Id.* at Ex. 55. After several additional unsuccessful motions in the Common Pleas Court, Petitioner filed his Petition in this Court *pro se* by placing it in the prison mailing system on February 22, 2026. He pleads the following Grounds for Relief:

> **GROUND ONE**: Petitioner was tried on Indictment not of the grand jury rendering a journal entry not appealable in state appellate court.
>
> **Supporting Facts:** Petitioner was indicted of felonious assault §2903.11(A)(1) and kidnapping The April 20th 2016 journal entry states that Appellant was convicted and sentence to felonious assault §2903.11(A)(2) and kidnapping §2905.01(A)(4). There was no amendment made to the indictment or not on the journal entry. The trial court rendered a judgment without findings of facts or conclusions of law on the issue.

**GROUND TWO**: There is insufficient evidence to sustain a conviction because the state failed to correct the witnesses' testimony.

**Supporting Facts**: During trial Curtis Dailey and Willa Dean testified against Petitioner with incriminating statement. In the Discovery there are medical reports and phone records to the contrary of what the state's witnesses testified to. The medical report states "will await metabolism of alcohol".. and Curtis Dailey testified that he did not drink on the night in question. Willa Deans's testimony was inconsistant [sic] to the phone records regarding incoming calls that never occurred stating that Petitioner made threats on those calls. State failed to correct.

**GROUND THREE**: The State of Ohio has thwarted Justice in the case through its agents and officers in violation of Section I of Amendment 14.

**Supporting Facts:** Petitioner missed his supreme court deadline because the institutional; library didn't offer more time to inmates. Petitioner missed reconsideration to supreme court because prison staff left supreme court deniel [sic] in desk for days past the 10 day deadline. Incident report by Co Henthorn February 20th, 2025. Court appointed counsel failed to raise claims herein this petition for habeas corpus.

**GROUND FOUR**: Ohio Prison Withheld ohio sup. Court denial-not a matter of great public interest for 15 days, on 10 day deadline for reconsideration.

**Supporting Facts**: C.O. Henthorn wrote "incident report" on Feb. 20th, 2025, found legal mail in C.O. desk. Unit manager had me write an affidavit about issue, then refused to sign it, then wrote me a "conduct report" for fraud and disrespect. Sargeant [sic] who referred sent me to unit manager heard "conduct report", read affidavit, and found me guilty of disrespect to keep conduct report on my case info. Land not guilty of proving affidavit true and correct proving prison liable. Conduct report # ManCi-25-010414 it happened after Ohiosup.C. would consider-file a reconsideration, and/or outside the 10 day deadline, so this court would be best to consider error and the OhioSup.C. deadline, as the 10 day is not possible to file at this prison. Due to library not being called or librarian leaving before printing possible. 1:00 passes called at 2:15, when librarian leaves.

(Petition, Doc. 1, PageID 6-11).

## Analysis

**The Statute of Limitations**

The Respondent asserts this case must be dismissed because it was filed well after expiration of the statute of limitations for habeas corpus cases (Return of Writ, ECF No. 15, PageID 1237). The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") enacted a statute of limitations for habeas corpus cases which is codified at 28 U.S.C. § 2244(d) and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the limitations period as running from the last day Petitioner could have appealed from the re-sentencing which was May 20, 2016. Because Petitioner filed no action which would have tolled the statute during the following year, the statute expired May 20, 2017. The Petition here was not filed until February 22, 2026, more than eight years later.

The Petitioner claims the reason he did not appeal is because the trial court did not appoint counsel, although he had a right to appointed counsel (Traverse, ECF No. 21, PageID 1278). The Sentencing Entry on remand reflects that advice of a right to counsel (Entry, State Court Record, ECF No. 14, Ex. 10). The very next filing is Petitioner's Delayed Application to Reopen under Ohio R. App. P. 26(B), filed June 29, 2017 . *Id.* at Ex. 11, a month after the statute of limitations expired. In it Petitioner says nothing about appealing from the resentencing entry. He accuses Attorney Craig Jaquith of ineffective assistance of appellate counsel in not advising him of the time limits on appealing to the Ohio Supreme Court and filing a Rule 26(B) application, although the State Court Record reflects Assistant State Public Defender Dennis Pusateri was appellate counsel (See Appellant's Brief and Decision, State Court Record, ECF No. 14, Exs. 7 and 9). The Appeal as to which these allegations are made is the first appeal. The State Court Record shows no *pro se* Notice of Appeal or request for appointment of counsel as to the Resentencing Judgment. Contrary to Petitioner's apparent belief, the trial court had no duty to appoint counsel *sua sponte*, i.e., without a request.

Petitioner next claims his late filing is excused by his actual innocence (Traverse, ECF No. 21, PageID 1280). He begins that argument by citing what he asserts is prosecutorial misconduct at trial and inconsistency in trial evidence. *Id.*

The controlling precedent use of actual innocence as an excuse for procedural defaults, including missing the statute of limitations, is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

Petitioner has not presented any new evidence of actual innocence, but merely argued from the inconsistency of evidence presented at trial. Instead, Petitioner has volunteered for the death penalty if the Court does not believe he is innocent (Traverse, ECF No. 21, PageID 1286). While that presumably shows Petitioner's sincerity, it is obviously an improper dare. The test the

Supreme Court requires to be applied to actual innocence claims is whether Petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329. Petitioner has not satisfied that standard.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 19, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.