**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Nathan McDaniel,**

**Petitioner,**

**v.**

**Warden Mansfield Correctional Institution,**

**Respondent.**

**Case No. 2:26-cv-278**

**Judge Michael H. Watson**

**Magistrate Judge Merz**

## OPINION AND ORDER

Nathan McDaniel ("Petitioner") is a state prisoner proceeding without the assistance of counsel in this habeas case. He was convicted by a jury in 2012 of felonious assault and kidnapping. Judgment Entry, ECF No. 14 at PAGEID ## 76–77. He now petitions for a writ of habeas corpus ("Petition"), raising four grounds for relief: (1) there was an unconstitutional constructive amendment of the Indictment; (2) there was insufficient evidence to support his convictions; (3) the state violated Petitioner's Fourteenth Amendment Equal Protection right; and (4) Petitioner was denied access to the courts when the prison failed to timely deliver his mail. ECF No. 1.

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court dismiss the Petition with prejudice as time-barred, deny a certificate of appealability, and certify that any appeal would be frivolous. R&R, ECF No. 23. Petitioner timely objected. Obj., ECF No. 24. For the following

reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DISMISSES WITH PREJUDICE** the Petition as time-barred.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the R&R to which Petitioner properly objected.

## II. ANALYSIS

### A. Law

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(2)(1). Here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), because the other possible options are irrelevant, *see* 28 U.S.C. § 2244(d)(1)(B)–(C).

So, the Court must calculate the date on which Petitioner's judgment became final before considering whether the statute of limitations was tolled or the previously calculated date of finality was later reset.

### B. Date of Finality

Petitioner was tried by a jury and was convicted on March 7, 2012, of felonious assault and kidnapping. Judgment Entry, ECF No. 14 at PAGEID # 76. The trial court sentenced Petitioner on May 10, 2012, to eight years' imprisonment on the felonious assault count and ten years' imprisonment on the

kidnapping count, to be served consecutively. Sentencing Entry, ECF No. 14 at PAGEID # 79–83. The trial court also imposed $1,400,000 in restitution. *Id.*

Petitioner directly appealed to the Fourth Appellate District, stating in his notice of appeal that he appealed both the judgment entry of conviction and the judgment entry of sentencing. Notice of Appeal, ECF No. 14 at PAGEID # 84. The appellate brief attacked only the order of restitution, however. Brief, ECF No. 14 at PAGEID ## 96–107.

On September 11, 2013, the Fourth Appellate District reversed and remanded only the portion of the judgment related to restitution. Op. and Order, ECF No. 14 at PAGEID # 135 ("[W]e hereby reverse that part of the trial court's judgment that awarded restitution and remand that portion of the judgment for further proceedings consistent with this opinion."); Judgment Entry, ECF No. 14 at PAGEID # 136 ("It is ordered that the judgment be reversed in part and remanded for further proceedings consistent with this opinion.").

On remand, the trial court held a hearing and resentenced Petitioner on April 20, 2016, imposing the same sentence as previously imposed but without restitution. Sentencing Entry, ECF No. 14 at PAGEID # 137.

For purposes of determining the date on which Petitioner's judgment became final, the first question is thus whether the judgment relates to the original conviction and sentencing or the resentencing.

Resentencing sometimes resets the statute of limitations clock for habeas petitions but not always. Specifically, a full resentencing results in a new

judgment that restarts the clock. *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015) ("[A] habeas petitioner, after a full resentencing and the new judgment that goes with it, may challenge his undisturbed conviction without triggering the "second or successive" requirements."). A limited resentencing, though, only restarts the clock if it changes the petitioner's sentence for the worse. *Freeman v. Wainwright*, 959 F.3d 226, (6th Cir. 2020) ("*Crangle* makes clear that limited resentencings that benefit the prisoner 'do not disturb the underlying initial judgment, which continues to constitute a final judgment.'" (quoting *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016)); *Crangle*, 838 F.3d at 678 ("A new, worse-than-before sentence . . . amounts to a new judgment." (citation omitted)).

Here, the Court need not determine whether the resentencing restarted the clock because, assuming for the sake of argument that it did, Petitioner's Petition is nonetheless untimely. The Court therefore assumes for the sake of argument that the resentencing resulted in a new judgment.

Pursuant to Ohio Rule of Appellate Procedure 4(A)(1), Petitioner had thirty days from the date of resentencing, April 20, 2016, to file a direct appeal: May 20, 2016. He did not file a direct appeal (although he later filed other motions). So, assuming the resentencing resulted in a new judgment, that judgment became final on May 20, 2016. *See DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) ("Since there was no timely-filed direct appeal, DiCenzi's sentence became final on July 30, 1999, *see* Ohio App. R. 4(A) . . . .").

The statute of limitations began running the next day, May 21, 2016, making his habeas petition due 365 days later: on May 22, 2017.[1] *Moss v. Miniard*, 62 F.4th 1002, 1009 (6th Cir. 2023) ("Thus, our precedent and Federal Rule 6(a) confirm that, although the AEDPA limitations period is triggered on the day of finality, the clock begins to run the following day."); *id.* 1009–1010 (explaining that the clock runs *"from and including"* the day following the day of finality and runs "*to and including*" day 365 which, "[e]xpressed in years" means the statute ends "on the anniversary of the finality date").

Petitioner did not file the Petition in this Court until February 22, 2026, almost nine years beyond the due date. Accordingly, the Petition is time-barred unless the statute of limitations was tolled, reset, or can be overcome by a showing of miscarriage of justice.

**C. Tolling, Resetting, and Miscarriage of Justice**

One way the Petition could be timely is if the statute of limitations were tolled long enough to render the end date on or after the date Petitioner submitted his Petition: February 22, 2026. Indeed, the statute of limitations can be both statutorily and equitably tolled.

Per the statute, "[t]he one-year period of limitations is tolled . . . by the amount of time that 'a properly filed application for State post-conviction or other

---

[1] 365 days "from and including" May 21, 2016, and "to and including" day 365 is May 20, 2017. But because May 20, 2017, was a Saturday, the statute of limitations expired the following Monday, May 22, 2017. *Rembert v. Wainwright*, No. 18-3414, 2018 WL 3689662, at *2 (6th Cir. July 18, 2018) (citing Fed. R. Civ. P. 6(a)(1)(C)).

collateral review with respect to the pertinent judgment or claim is pending.'" *Hill v. Randle*, 27 F. App'x 494, 495 (6th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)).

Here, statutory tolling does not save the Petition because Petitioner did not file any motions in the year between his resentencing and the expiration of the statute of limitations, so there was nothing left to "toll" by the time he began filing motions. *E.g. Brown v. MacLaren*, No. 16-1599, 2017 WL 5438883, at *2 (6th Cir. Jan. 18, 2017) ("[B]y then, the statute of limitations had run, and his post-conviction motion could not toll any time period because there was no period left to toll." (citation omitted)); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." (internal quotation marks and citation omitted)).

Equitable tolling does not apply either. Although the statute of limitations can be equitably tolled, *e.g. Rembert v. Wainwright*, No. 18-3414, 2018 WL 3689662, at *3 (6th Cir. July 18, 2018) ("The AEDPA's one-year limitations period is subject to equitable tolling . . . ."), Petitioner makes no argument for equitable tolling.

So, tolling does not save the Petition. The next question, therefore, is whether any of the motions that Petitioner did eventually file served to revive the already expired statute of limitations.

The first post-resentencing motion that Petitioner filed was a delayed application for reopening the direct appeal, pursuant to Ohio Appellate Rule 26(B), which he filed on June 29, 2017, more than a year after his direct appeal was originally due on May 20, 2016. Delayed App., ECF No. 14 at PAGEID ## 140–51. Petitioner sought to argue that the convictions were void. *See generally id.*

The Fourth Appellate District denied the application as, alternatively, untimely and non-meritorious. Entry on App., ECF No. 14 at PAGEID ## 169–83. Petitioner appealed the denial to the Supreme Court of Ohio, which declined to accept jurisdiction. Notice of Appeal, ECF No. 14 at PAGEID # 185; Mem. in Support, ECF No. 14 at PAGEID ## 186–97; Entry, ECF No. 14 at PAGEID # 213.

This June 2017 untimely Rule 26(B) application to reopen did not revive the statute of limitations. *Porter v. Owens*, No. 20-3341, 2020 WL 5647759, at *2 (6th Cir. July 16, 2020) ("Furthermore, because the statute of limitations had already expired when Porter filed his Rule 26(B) application, that filing did not revive the limitations period." (citing *Vroman*, 346 F.3d at 602)).

Petitioner's next motion was an August 26, 2020, motion to dismiss, which he filed in the trial court. Mot., ECF No. 14 at PAGEID ## 214–82. The trial court denied the motion on the merits. Entry, ECF No. 285.

Petitioner moved again to dismiss on September 28, 2020, asserting the same arguments from his August 26 motion. Mot., ECF No. 14 at PAGEID

## 289–92. He supported that second motion with various letters and, before receiving a ruling on that second motion to dismiss, filed yet a third motion to dismiss and a motion to "redirect." Letter, ECF No. 14 at PAGEID ## 293–95; Letter, ECF No. 14 at PAGEID ## 296; Mot., ECF No. 14 at PAGEID ## 297–329; Letter, ECF No. 14 at PAGEID # 330; Mot., ECF No. 14 at PAGEID # 331.

On February 11, 2021, before the trial court ruled on Petitioner's second or third motion to dismiss, he filed another letter and a fourth motion. That motion was specifically styled as a postconviction motion pursuant to Ohio Revised Code § 2953.21. Letter, ECF No. 14 at PAGEID # 332; Mot., ECF No. 14 at PAGEID ## 333–63.

The trial court considered together Petitioner's second motion to dismiss, third motion to dismiss, and postconviction motion, and it denied all of them on the merits. Entry, ECF No. 14 at PAGEID # 364. Petitioner did not timely appeal.

Even construing each of these four motions as state postconviction motions, none of them revives the already expired statute of limitations. As explained previously, § 2244(d)(2) provides only that a "properly filed" state postconviction motion or application for state collateral review *tolls* the statute of limitations for habeas purposes; even a "properly filed" post-conviction motion does not *revive* an expired limitations period. *Vroman*, 346 F.3d at 602 (citation omitted).

Here, even construing the first motion to dismiss as a postconviction motion, it was filed on August 26, 2020—more than three years beyond the May

22, 2017, statute of limitations date for the federal habeas petition. There was thus simply no time left on the statute-of-limitations clock to toll by the time this first motion was filed, even if it were otherwise a "properly filed" motion for purposes of § 2244(d)(2).[2]

The same analysis applies to Petitioner's next set of motions. About a month after the trial court denied his first four postconviction motions, in November 2021, he moved again in the trial court to "vacate void sentence" and filed letters in support of that motion. Mot., ECF No. 14 at PAGEID ## 365–66; Letter, ECF No. 14 at PAGEID # 367; Letter, ECF No. 14 at PAGEID # 368; Letter, ECF No. 14 at PAGEID ## 369–70. Before any ruling on that motion, he then moved in August 2022 for leave to file an untimely § 2953.23 postconviction motion. Mot., ECF No. 14 at PAGEID ## 371–94. He filed the proposed motion with the motion for leave. Mot., ECF No. 14 at PAGEID ## 395–560.

On August 26, 2022, the trial court denied those two postconviction motions as meritless. Entry, ECF No. 14 at PAGEID # 561.

---

[2] It arguably was not. As pertinent here, in Ohio, postconviction motions must be filed 365 days "after the expiration of the time for filing the appeal." Ohio Rev. Code § 2953.21(2)(a). Here, the August 26, 2020, motion was filed well after that deadline and, thus, was not likely "properly filed." But because the state trial court denied the motions to dismiss/for postconviction relief on their merits instead of as untimely, and because the state court's treatment of those motions does not affect the statute of limitations analysis, the Court does not decide whether these postconviction motions were "properly filed."

As before, neither of these postconviction motions affected the statute of limitations analysis as the statute of limitations had long run by the time the motions were filed. *Vroman*, 346 F.3d at 602 (citation omitted).

Petitioner continued to file motions in the state trial court. In early September 2022 (approximately one week after the trial court denied the August 2022 motions), Petitioner moved "to amend and or include to post-conviction petition," asking to amend his just-denied motions with another exhibit that he had inadvertently omitted. Mot., ECF No. 14 at PAGEID ## 562–66. In mid-October 2022, he supplemented that motion to amend with letters. Letter, ECF No. 14 at PAGEID ## 567–68; Letter, ECF No. 14 at PAGEID # 569.

He also filed in the trial court a memorandum (which reads like a separate motion for a delayed appeal of the trial court's August 26, 2022, Entry) and a formal notice of appeal of the trial Court's August 26, 2022, entry. Mem., ECF No. 14 at PAGEID ## 570–74; Notice of Appeal, ECF No. 14 at PAGEID ## 576–78. He filed the same memorandum in the Fourth Appellate District. Mem., ECF No. 14 at PAGEID ## 579–83.

In late October 2022, the trial court denied the motion to amend without explicitly referencing the memorandum or notice of appeal. Entry, ECF No. 14 at PAGEID # 575.

For the same reasons addressed previously, none of the trial court motions affected the statute of limitations.

The Fourth Appellate District granted Petitioner's motion for a delayed appeal, however, thus permitting a direct appeal of the trial court's denial of Petitioner's August 2022 postconviction motion.[3] Judgment Entry, ECF No. 14 at PAGEID ## 584–85.

Ordinarily, a delayed appeal resets the limitations period such that the judgment becomes final at "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that [out-of-time] appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 119–21. If *Jimenez* applies here, that would mean that the statute of limitations, despite having long expired in May 2017, reset on October 10, 2023,[4] when Petitioner failed to appeal the Fourth Appellate District's affirmance. *See* Entry, ECF No. 14 at PAGEID ## 609–22 (entered August 24, 2023); Ohio S. Ct. R. 7.01(A)(1) (requiring jurisdictional appeals to be filed forty-five days from the date a court of appeals' judgment entry was filed with the clerk); Ohio S. Ct. R. 3.03(A)(1) (stating that neither the day of the act triggering the clock nor weekends or holidays should be counted in the computation of time).

---

[3] Eventually, the Fourth Appellate District affirmed the denial of that postconviction motion. Entry, ECF No. 14 at PAGEID ## 609–22.

[4] Forty-five days from August 24, 2023, was October 8, 2023, which was a Sunday. The following Monday was a holiday, making the appeal to the Supreme Court of Ohio due October 10. This also assumes that the date to which the statute of limitations was reset was not affected by Petitioner's subsequent delayed motion to reconsider the appellate court's decision or the briefing on the same. *See* Mot., ECF No. 14 at PAGEID ## 623–55, 661–84.

But *Jimenez* does not assist Petitioner here because the Fourth Appellate District did not permit a delayed direct appeal of Petitioner's conviction. Rather, it permitted only a delayed appeal of the denial of his postconviction motion. Entry, ECF No. 14 at PAGEID # 584 ("In August 2022, appellant filed a motion for post-conviction relief which was denied by the trial court on August 26, 2022. It is from this entry that he appeals."); Entry, ECF No. 14 at PAGEID # 609 ("This is an appeal from a Meigs County Common Pleas Court judgment that overruled a petition for postconviction relief . . . .").

But the statute of limitations for a habeas petition runs from the date a judgment of conviction becomes final, which, in turn, depends on the date of conclusion of *direct* review, not the date of conclusion of *postconviction* review. 28 U.S.C. § 2244(d)(1)(A); *Jimenez*, 555 U.S. at 121 ("The statute requires a federal court, presented with an individual's first petition for habeas relief, to make use of the date on which the entirety of the state *direct appellate review process* was completed." (emphasis added)). The Fourth Appellate District's reopening of the appeal of the postconviction denial thus did not reset the statute of limitations.

And, yet again, to the extent the Fourth Appellate District's permission of a delayed appeal would otherwise have implicated § 2244(d)(2)'s *tolling* period, there was simply nothing left to toll. So, the Fourth Appellate District's permission to take an untimely appeal had no effect on the statute of limitations.

Petitioner moved the Fourth Appellate District for another delayed appeal on March 19, 2024. Mot., ECF No. 14 at PAGEID ## 656–60.

This time, the Fourth Appellate District construed this motion as a Rule 26(B) motion to re-open the direct appeal of his *original conviction and sentence*, but it denied the same. Entry, ECF No. 14 at PAGEID ## 685 ("[D]efendant below and appellant herein, seeks to re-open his direct appeal from our decision in *State v. McDaniel*, 2013-Ohio-2004 (4th Dist.)"); *id.* at PAGEID # 692. Adjudication of that motion ended when the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal, on January 28, 2025. ECF No. 14 at PAGEID ## 693–729.

Like with Petitioner's first Rule 26(B) application, this untimely Rule 26(B) application to reopen also did not revive the statute of limitations. *Porter v. Owens*, No. 20-3341, 2020 WL 5647759, at *2 (6th Cir. July 16, 2020) ("Furthermore, because the statute of limitations had already expired when Porter filed his Rule 26(B) application, that filing did not revive the limitations period." (citing *Vroman*, 346 F.3d at 602).

While Petitioner's second Rule 26(B) application was being litigated, he filed in the trial court a motion for discovery and a motion for resentencing, both of which the trial court denied. Mot., ECF No. 14 at PAGEID ## 730–33; Entry, ECF No. 14 at PAGEID ## 734–35; Mot., ECF No. 14 at PAGEID ## 736–39; Entry, ECF No. 14 at PAGEID # 743.

Neither the discovery motion nor the motion for resentencing (even construing that motion as a postconviction motion) reset the statute of limitations clock. *Cf. Brown v. MacLaren*, No. 16-1599, 2017 WL 5438883, at *2 (6th Cir. Jan. 18, 2017) ("During this time period, Brown was not entitled to statutory tolling . . . Though he did file a motion for discovery and a motion to expand the record, these motions were not challenges to his conviction and thus did not toll the statute of limitations under § 2244(d)(2)." (citation modified)); *Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001) ("[A]lthough Johnson filed a motion for the production of documents and for a free copy of the court record, these requests do not toll the statute of limitations of [sic] § 2244(d)."); *Porter*, 2020 WL 5647759, at *2.

In conclusion, despite his numerous filings, the statute of limitations for purposes of filing a habeas petition under 28 U.S.C. § 2254 ran on May 20, 2017, and has not been reset. The pending Petition, filed in 2026, is thus untimely unless Petitioner can overcome the statute of limitations.

"Although a time-bar can be overcome if a petitioner shows that failure to consider his claims will result in a fundamental miscarriage of justice, this requires a petitioner to make a convincing showing of actual innocence . . . ." *Rembert*, 2018 WL 3689662, at *3 (citation modified).

Here, the most Petitioner offers is a conclusory statement that no reasonable juror could have found him guilty without the erroneous admission of certain medical records, Obj., ECF No. 24, an argument that the Fourth Appellate

District has correctly already dispelled, Entry, ECF No. 14 at PAGEID ## 689–91. Petitioner thus comes nowhere close to making the "convincing showing" of actual innocence necessary to overcome the statute of limitations bar.

As a result of all this, Petitioner's Petition is untimely, and this Court cannot consider it. None of Petitioner's objections persuade otherwise.

As a general matter, Petitioner raises many arguments within his objections that are unrelated to the timeliness of his Petition. For example, he argues that, because the Fourth Appellate District found error in the trial court's restitution award, it "would be definition of Insanity" to assume that the trial court made no other errors. Obj. 1, ECF No. 24. He also contends that the Fourth Appellate District erred in ultimately affirming the trial court's denial of his August 2022 motion for postconviction relief. *Id.* He complains about inadequate access to the prison library, arguing that the lack of access prejudiced his federal habeas proceeding, and he accuses the Magistrate Judge of bias. *Id.* at 1–2. He also argues that the Magistrate Judge here failed to address the merits of Petitioner's habeas claims. *Id.* at 2–6.

None of these objections have merit because they are irrelevant to the statute of limitations issue.[5]

---

[5] The access-to-prison-library argument is troubling, but the Court concludes that Petitioner was not prejudiced in this proceeding. He has filed numerous documents, cites case law in his objections (and, in any event, focuses mainly on arguments unrelated to the statute of limitations), and did not move for an extension of time. Moreover, the timeliness issue is clear such that additional legal research time would not benefit Petitioner.

Petitioner does assert one objection pertinent to the state of limitations issue: he contends that the statute of limitations never began to run. *Id.* at 2–6. His supporting arguments differ; he contends that the sentencing entry violated the Ohio Revised Code and thus was a "nullity," and he also contends that the state courts lacked jurisdiction of his criminal case for a multitude of reasons. *Id.* at 2–6.

This objection also fails, though, because a habeas petitioner cannot avoid § 2244(d)'s statute of limitations "merely by raising a claim challenging a state trial court's jurisdiction." *Brock v. Warden, Ross Corr. Inst.*, No. 2:16-cv-843, 2018 WL 4442591, at *2 (S.D. Ohio Sept. 18, 2018) (citations omitted).

The Court therefore **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DISMISSES WITH PREJUDICE** the Petition as time-barred.

**D. Appeal**

A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c)(1)(A). A court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

In an abundance of caution, however, the Court has reviewed the supplemental objections that Petitioner eventually submitted, which were stricken by the Magistrate Judge, and finds that, even if they had been accepted, they change nothing.

When a claim has been denied on procedural grounds, the petitioner must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find the Court's procedural ruling debatable, so the Court **DECLINES** to issue a certificate of appealability.

Finally, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and **DENIES** Petitioner the right to appeal in forma pauperis.

The Clerk shall enter judgment for Respondent and dismiss this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**